Aron Stetter, J.
Petitioner is a nonprofit membership corporation. It was incorporated in 1939 to stimulate and encourage various phases of Jewish culture and endeavor. In 1952 certain members believing it to be desirous tried to raise funds among the members to acquire a clubhouse. Seventeen members contributed a total of $9,100. These funds were turned over to William Rosenthal, one of the members, who deposited the same in the Broadway National Bank of Bayonne, New Jersey, in an account styled “ William Rosenthal in trust for the The Jewish Club Inc. Building Fund ”. Interest accumulations have increased the fund to $9,980.66. William Rosenthal died recently and the petition seeks the appointment of a successor trustee. Mr. Rosenthal’s executors admit that a bankbook representing the deposit was among his effects, disclaim any interest in the fund on behalf of the estate and are prepared to turn it over to any person designated by the court against proper releases.
In addition three members who had contributed a total of $2,500 have appeared and oppose the application. They allege that in the seven years that have passed since the collection of the funds the activities of the club have greatly decreased. Meetings are few and several of the men whose interest founded the club have died or moved away. It is unlikely that any further donations will be received and it is manifest that the sum collected will be entirely inadequate to acquire and furnish a clubhouse as originally contemplated by the contributors. They cross petition for the delivery of the fund to the club with instructions to return the donations to the original donors.
*352 The first question is whether the court can entertain this petition. The procedure prescribed in article 79 of the Civil Practice Act, upon which the petition herein is presumably based is limited to express written trusts. No such trust is alleged. "While it is clear that the fund was collected for a limited purpose and might well have been the subject of a trust it does not appear that a trust was in fact ever brought into being. Mr. Rosenthal at the behest of the petitioner and not the donors was requested to be a custodian of the funds, which duty he undertook and faithfully performed. But he never became a trustee in a formal sense and no trustee can be appointed to succeed him.
Nor can action be taken on the cross petition. If the donors or any of them desire return of their contributions they will have to seek their relief by way of action.
The petition and cross petition are accordingly dismissed. It may be pointed out that nothing prevents return of the deposit by the Rosenthal executors to the officers of the petitioner and their giving a proper discharge for it. After that the fund will be in the same situation as it was before it was placed in the safekeeping of Mr. Rosenthal and such disposition can be made as the membership desires, subject to whatever rights any donor may have.